IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MAURICE HENRY,

     Plaintiff,

v.                                  CASE NO. 3:17-cv-41-LC-GRJ

FLORIDA DEPT. OF CORRECTIONS,

     Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This case is before the Court for screening of Plaintiff's Amended
Complaint, ECF No. 5.  The Amended Complaint replaces Plaintiff's
original pleading, ECF No. 1, docketed as a motion for writ of mandamus,
and therefore the motion will be terminated as moot.   Plaintiff has been
granted leave to proceed as a pauper by separate order.

Pursuant to 28 U.S.C. § 1915(e)(2), governing proceedings *in forma
pauperis*, the Court shall dismiss a complaint if it is "(i) frivolous or
malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)
seeks monetary relief from a defendant who is immune from such relief."
For the following reasons, it is respectfully recommended that the

Complaint be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff is an inmate in the custody of the DOC presently confined at Santa Rosa Correctional Institution.  The Complaint stems from an incident that occurred while Plaintiff was confined at Gulf CI.  Plaintiff alleges that on September 1, 2016, he declared a psychological emergency and was escorted to the medical department and interviewed by a nurse official.  He was told that he would have to wait to be seen by the mental health provider.   The provider arrived and an officer informed her that Plaintiff was waiting to be seen.  The provider responded that Plaintiff should be returned to his cell because he did not have an emergency, that he had been seen, and that she was not going to "play games."  Plaintiff was returned to his cell.  On a later date, Plaintiff learned that he had been charged a medical co-payment of $5.00 for declaring the psychological emergency.  Plaintiff sues the DOC, alleging that he was denied "due process" when the medical provider refused to see him and that the $5.00 co-payment was unconstitutional.  Plaintiff seeks reimbursement of the co-payment.  ECF No. 5.

In any section 1983 action, two essential elements must be present:

1. conduct by a person acting under color of state law; and

2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment.  "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).  To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811

(1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Under the facts alleged, the DOC is not a proper party.  The Court will liberally construe Plaintiff's "due process" claim as one of deliberate indifference, and in this case the only proper party to such a claim would be the mental health provider.  However, the facts alleged do not establish the essential elements of a deliberate-indifference claim because Plaintiff does not allege that he suffered any injury.  Moreover, to the extent that Plaintiff seeks monetary damages in this case such a claim is foreclosed by the PLRA because of the absence of any physical injury.  The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen*  502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)).  Any claim for injunctive relief relating to the mental health treatment at Gulf CI is moot because Plaintiff is no longer confined there.

Plaintiff's claim that he is entitled to reimbursement of his $5.00 medical copayment is not a cognizable federal constitutional claim.  There

is no "general constitutional right to free health care." *Bingham v. Nelson*, No. 5:08-cv-246, 2009 WL 2982831, at *3 (M.D. Ga. Sept.11, 2009) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir.1997); *see also City of Revere v. Massachusetts Gen. Hosp*., 463 U.S. 239, 245 n.7 (1983) (noting that although a hospital and governmental entity may be required "to provide care to indigents," it does not meaning that a hospital or government entity does not have the right "to recover from a detainee the cost of medical services provided to him."). The imposition of a small fee or lien against an inmate bank account is not unconstitutional. *Ellis v. Hart*, No. 7:07cv11, 2008 WL 131171, at *4 (M.D. Ga. Jan.10, 2008) (holding that inmate claim challenging a co-payment for medical care fails to state a claim); *Oliver v. Matthews*, No. 2:02cv1373, 2005 WL 1270949, at *8 (M.D. Ala. May 27, 2005) (same), (citing *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir.1985)) (imposition of fee for medical treatment provided to an inmate does not amount to a constitutional violation; *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir.2012) (imposition of a modest fee for medical services does not violate the Constitution.). Plaintiff's assertion that the fee was incorrectly assessed under the circumstances may be challenged through the applicable DOC procedures,

but does not state a claim for relief in federal court.

Accordingly it is **ORDERED** that the motion/petition for a writ of mandamus, ECF No. 1, is **MOOT**.

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

**IN CHAMBERS** this 10th day of March 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**